# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REGINALD JACKSON,

       Petitioner,                                 Case Number: 07-CV-12785

v.                                               HONORABLE ARTHUR J. TARNOW

JENNIFER GRANHOLM, ET AL.,

       Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Reginald Jackson is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff challenges the validity of several drug-related convictions pursuant to which he is currently incarcerated. He argues that the defendants falsified documents, including police reports, affidavits, and felony complaints to obtain a warrant to arrest him. He further claims that defendants knowingly used false testimony and fabricated

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

evidence to obtain a conviction. He seeks immediate release from custody.

A judgment in favor of Plaintiff on the claims contained in his complaint would necessarily imply the invalidity of his continued confinement. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted. *See* Parker v. Phillips, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: November 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2007, by electronic and/or ordinary mail.

                              <u>S/THERESA E. TAYLOR</u>
                              Case Manager